**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lincoln Sky Harbor, LLC, | No. CV 08-1620-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Shumin Zhang and Susan Tang; Linghui Nie and Xinhua Li; Western Store Supply, LLC, | |
| Defendants. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

Accordingly,

**IT IS ORDERED** that by October 15, 2008, Defendants Western Stone Supply, LLC, Shumin Zhang and Susan Tang (as the parties asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)) shall file an amended notice of removal properly alleging federal subject

1  matter jurisdiction, or this case will be remanded for lack of federal subject matter
2  jurisdiction.[1]

3  **IT IS FURTHER ORDERED** that Defendants are cautioned that they will be given
4  one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional
5  sua sponte show cause orders to assist Defendants in pleading jurisdiction.[2] Therefore, if the
6  amended notice of removal fails to plead federal subject matter jurisdiction, this case will be
7  remanded without the Court sua sponte granting Defendants any further opportunities to
8  amend.

9  DATED this 2nd day of October, 2008.

         James A. Teilborg
         United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[2] The Court should not give a party advice because advice, "would undermine district judges' role as impartial decision makers." *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

- 2 -